# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRUCE LARKIN,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　Case No:   6:15-cv-439-Orl-31GJK

**ENVOY ORLANDO HOLDINGS LLC,**

      **Defendant.**

## ORDER

This matter is before the Court on Plaintiff Bruce Larkin's Motion for Summary Judgment (Doc. 14),[1] Defendant Envoy Orlando Holdings, LLC's ("Envoy") Response in Opposition (Doc. 25), and Larkin's Amended Reply in Support of Summary Judgment (Doc. 29).[2]

### I.   Background

This is a simple, single count case alleging several violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"). Plaintiff asserts that Defendant owns a public accommodation, Hiawassee Plaza in Orlando, Florida. The Complaint alleges that the plaza's parking, signage, and entrance access points/path of travel are not ADA compliant. The Defendant does not dispute that the plaza is ADA noncompliant, but asserts it is fixing the problems and that plaintiff does not intend to return. While a case typically progresses through discovery before

---

[1] Plaintiff separately filed affidavits in support of summary judgment. (*See* Doc. 15).

[2] Plaintiff filed supplemental affidavits in support of summary judgment. (*See* Docs. 30-1, 30-2).

summary judgment is appropriate, when the material facts are undisputed, as they are here, summary judgment is appropriate early in the proceedings.

### II.     Facts

Plaintiff is a disabled individual who is a resident of Orange County, Florida. On January 13, 2015 he visited Hiawassee Plaza at 6801 W. Colonial Drive, Orlando, Florida 32818 ("Plaza")[3] where he encountered barriers that impeded his access to parts of the property due to his disability.[4] The Plaza is roughly eight (8) miles from the Plaintiff's home and he drives by the property at least once a month. (Doc. 30-2 ¶4). The ADA non-compliant aspects of the Plaza are chronicled in the Plaintiff's expert report demonstrating non-compliance with ramp inclines, signs, parking, curbs, as well as others. (*See* Docs. 15-2 – 15-4). Plaintiff states that once the Plaza becomes ADA compliant, he intends to return. Defendant has not disputed the expert material or Plaintiff's affidavits.[5]

### III.    Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56. Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

---

[3] Defendant admits it owns the Plaza. (Doc. 24 ¶2).

[4] Plaintiff also visited Golden Cue and Pub, which was located in the Plaza and was the location of several of the ADA violations described in the Complaint. However, Golden Cue and Pub is now closed, accordingly, Plaintiff no longer asserts that the ADA violations at that location are at issue. (Doc. 29 at 3 n.2).

[5] Plaintiff's supplemental affidavits in support of summary judgment addressed the issues raised in Defendant's Response. (*See* Docs. 30-1, 30-2). The Defendant has not requested the opportunity to file a sur-reply or in any way dispute the facts asserted therein.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the nonmoving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

**IV.     Analysis**

The general purpose of Title III of the ADA is to ensure "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of . . . accommodations of any place of public accommodation[6] . . . ." 42 U.S.C. § 12182(a). In sum, Title III creates a private right of action for injunctive relief for disabled individuals who have been discriminated against by property owners for a denial of public accommodation based on the disability. *See Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (setting out elements for Title III ADA claim). Discrimination includes a failure to remedy architectural barriers in existing facilities where such remedy is readily achievable. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

---

[6] Public accommodation is defined as, among other things, a shopping center. 42 U.S.C. § 12181(7)(E).

In this case, the Defendant admits ADA violations are present, are in need remediation, and are remediable: "Defendant does *not* challenge the need for ADA remediation . . . ." (Doc. 25 at 2). Further, the Defendant has not challenged that Plaintiff is disabled, that he traveled to the subject location, and encountered difficulty due to the ADA violations. Accordingly, the Plaintiff has demonstrated that the material facts entitling him to relief under Title III are not disputed.

The Defendant's only responses to the Motion for Summary Judgment are that the dispute is mooted because the Plaza is *presently* working on fixing the ADA violations, the Plaintiff does not have sufficiently concrete intentions of returning to the Plaza to have standing, and Plaintiff did not include a prayer for attorney's fees and should, therefore, not receive an award of fees.[7]

The fact that Defendant is in the process of fixing the violations does not render this case moot and Defendant has presented no authority to support this proposition.[8]

> The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy*." Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir.1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'"

---

[7] Defendant also argues that Plaintiff has failed to defeat the affirmative defenses included in Defendant's Answer (Doc. 24), filed after the Motion for Summary Judgment. However, the affirmative defenses are, at base, restatements of the arguments against summary judgment, asserting that Plaintiff lacks standing for want of intent to return to the property and Plaintiff failed to plead attorney's fees. (*See* Doc. 24 ¶¶ 20-22). Because Defendant's Response to the Motion for Summary Judgment raises essentially the same issues, the Plaintiff has addressed the Defendant's affirmative defenses, in substance, by way of the Motion and the Reply. As for Defendant's affirmative defense asserting that the Plaintiff was looking for grounds to initiate a lawsuit, that does not present a bar to injunctive relief under the ADA. *See Petinsky v. N & D Holding, Inc.*, No. 13-22438-CIV, 2013 WL 6511738, at *3 (S.D. Fla. Dec. 12, 2013) ("A plaintiff's status as a 'serial plaintiff' or 'tester' with regard to ADA claims, however, does not negate his standing.").

[8] It may, however, be a factor of consideration at a time of assessing reasonable attorney's fees.

*Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). The Defendant admits there are still ADA violations at the Plaza, accordingly, the case is still a live controversy.

Defendant's central argument is that Plaintiff does not have sufficiently concrete plans of returning to the Plaza to justify an injunction. It is true that general allegations of an intention to return to a public accommodation at some indeterminate point in the future are not enough to establish standing for an injunction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require."). However, Plaintiff is a resident of Orlando, Florida and has clearly stated: "Once the facility becomes ADA compliant and I can visit the premises free of discrimination, I intend to return to visit the store." (Doc. 15-1). Where a disabled individual states that he intends to return to a public accommodation in his home town, eight miles from his home, as soon as he will no longer be subject to discrimination based on his disability, then that person has established standing.

The Court will address the issues of fees and costs after Judgment is entered.

It is therefore

**ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. 14) is **GRANTED.** It is further **ORDERED** that Plaintiff shall file a proposal for injunctive relief including the remediation to be accomplished and the timeframe therefore.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 28, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Case 6:15-cv-00439-GAP-GJK   Document 32   Filed 07/28/15   Page 6 of 6 PageID 217

Copies furnished to:

Counsel of Record
Unrepresented Party

- 6 -